UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

**CATHERINE ROSETTI;**
**LONNIE PITTSLEY;**
**SAMANTHA BOYCE;**
**TED HUNT;**
**WILLIAM MOONEY;**
**TUSEF HOLDING LLC;**
**JANET ROMANOWICZ;**

**COMPLAINT**
**Index No.:**

5:24-cv-15 (GTS/MJK)

Plaintiff(s),

-against-

**COUNTY OF CAYUGA;**
**DAVID DEMPSEY IN HIS OFFICIAL CAPACITY AS**
**TREASURER FOR CAYUGA COUNTY,**

Defendant(s

---

Plaintiff(s), by and through their attorneys, David M. Giglio & Associates, LLC, , as and for a complaint, allege that:

### JURISDICTION AND VENUE

1.     Plaintiff(s) **CATHERINE ROSETTI** (hereinafter referred to as "plaintiff(s)") were or are  residents of the County of **CAYUGA,**  State of New York which is located in the Federal Court for the Northern District of  New York and the actions complained of herein occurred in the County of **CAYUGA,** State of New York which is situate in the Northern District of New York.

2.     Plaintiff(s) **LONNIE PITTSLEY AND SAMANTHA BOYCE**  (hereinafter referred to as "plaintiff(s)") were or are  residents of the County of **CAYUGA,**  State of New York which is located in the Federal Court for the Northern District of  New York and the actions complained of herein occurred in the County of **CAYUGA,** State of New York which is situate in the Northern District of New York.

1

3.      Plaintiff(s) **TED HUNT**  (hereinafter referred to as "plaintiff(s)") were or are residents of the County of **CAYUGA,** State of New York which is located in the Federal Court for the Northern District of New York and the actions complained of herein occurred in the County of **CAYUGA,** State of New York which is situate in the Northern District of New York.

4.      Plaintiff(s) **WILLIAM MOONEY**  (hereinafter referred to as "plaintiff(s)") were or are  residents of the County of **CAYUGA,** State of New York which is located in the Federal Court for the Northern District of New York and the actions complained of herein occurred in the County of **CAYUGA,** State of New York which is situate in the Northern District of New York.

5.      Plaintiff(s) **TUSEF HOLDING LLC** (hereinafter referred to as "plaintiff(s)") is a New York State limited liability company and formerly owned real property situate in the County of **CAYUGA,**  State of New York which is located in the Federal Court for the Northern District of New York and the actions complained of herein occurred in the County of **CAYUGA,** State of New York which is situate in the Northern District of New York.

6.      Plaintiff(s) **JANET ROMANOWICZ**  (hereinafter referred to as "plaintiff(s)") were or are  residents of the County of **CAYUGA,**  State of New York which is located in the Federal Court for the Northern District of  New York and the actions complained of herein occurred in the County of **CAYUGA,** State of New York which is situate in the Northern District of New York.

7.      The Defendants, County of CAYUGA and **DAVID DEMPSEY**,  in his official capacity as Treasurer for the County of CAYUGA are located within the Northern District of New York.

2

8.     Venue is proper in the Northern District of New York since all of the transactions giving rise to the claim occurred within the Northern District.

9.     The plaintiff(s) assert subject matter jurisdiction since these claims are brought pursuant to the United States Constitution 5th, 8th and 14th Amendments as well as 18 USC section 1983.

## GENERAL ALLEGATIONS

10.     Upon information and belief, plaintiff **CATHERINE ROSETTI** owned a property known as VAC Weedsport Sennett Road, Tax Map 83.00-2-51.11  ("Rosetti Properties") situate in the Town of Brutus, County of CAYUGA which was sold at a CAYUGA County tax auction for a sum of $102,100.00 (One Hundred Two Thousand One Hundred Dollars) on or about June 27,  2022.

11.     Upon information and belief, at the time of the tax auction **CATHERINE ROSETTI** owed local property taxes and penalties in an amount of approximately $6,000.00 (Six Thousand Dollars) for the property known as VAC Weedsport Sennett Road, Tax Map 83.00-2-51.11  at the time of the tax auction.

12.     Upon information and belief, plaintiff **CATHERINE ROSETTI** owned a property known as 2309 Mills Road Tax Map 88.00-1-8 ("Rosetti Properties")  situate in the Town of Brutus, County of CAYUGA which was sold at a CAYUGA County tax auction for a sum of $49,900.00 (Forty Nine Thousand Nine Hundred Dollars) on or about May 24, 2022.

13.     Upon information and belief, at the time of the tax auction **CATHERINE ROSETTI** owed local property taxes and penalties in an amount of approximately $6,000.00 (Six Thousand Dollars) for the property known as 2309 Mills Road at the time of the tax auction.

14.     Upon information and belief, plaintiff **LONNIE PITTSLEY AND SAMANTHA BOYCE** owned a property known as 1413 Lake Como Road situate in the Town of Moravia, County of CAYUGA which was sold at a CAYUGA County tax auction for a sum of $30,200.00 (Thirty Thousand Two Hundred Dollars) on or about July 14, 2022.

15.     Upon information and belief, at the time of the tax auction **LONNIE PITTSLEY AND SAMANTHA BOYCE** owed local property taxes and penalties in an amount of approximately $6,000.00 (Six Thousand Dollars) for the property known as 1413 Lake Como Road at the time of the tax auction.

16.     Upon information and belief, plaintiff **TED HUNT** owned a property known as 1918 Lake Road situate in the Town of Skaneateles, County of CAYUGA which was sold at a CAYUGA County tax auction for a sum of $39,300.00 (Thirty Nine Thousand Three Hundred Dollars) on or about July 20, 2022.

17.     Upon information and belief, at the time of the tax auction **TED HUNT** owed local property taxes and penalties in an amount of approximately $5,400.00 (Five Thousand Four Hundred) for the property known as 1918 Lake Road at the time of the tax auction.

18.     Upon information and belief, plaintiff **WILLIAM MOONEY** owned a property known as 1456 Atwood Road situate in the Town of Summerhill, County of CAYUGA which was sold at a CAYUGA County tax auction for a sum of $130,600.00 (One Hundred Thirty Thousand Six Hundred Dollars) on or about July 13, 2022.

19.     Upon information and belief, at the time of the tax auction **WILLIAM MOONEY** owed local property taxes and penalties in an amount of approximately $30,000.00 (Thirty Thousand Dollars) for the property known as 1456 Atwood Road at the time of the tax auction.

4

20.     Upon information and belief, plaintiff **TUSEF HOLDING LLC** owned a property known as 2892 State Route 34B situate in the Town of Aurora, County of CAYUGA which was sold at a CAYUGA County tax auction for a sum of $160,200.00 (One Hundred Sixty Thousand Two Hundred Dollars) on or about July 13, 2022.

21.     Upon information and belief, at the time of the tax auction **TUSEF HOLDING LLC** owed local property taxes and penalties in an amount of approximately $20,000.00 (Twenty Thousand Dollar) for the property known as 2892 State Route 34B at the time of the tax auction.

22.     Upon information and belief, plaintiff **JANET ROMANOWICZ**   owned a property known as 12423 Ferris Road situate in the Town of Ira, County of CAYUGA which was sold at a CAYUGA County tax auction for a sum of $35,100.00 (Thirty Five Thousand One Hundred Dollars) on or about January 14, 2021.

23.     Upon information and belief, at the time of the tax auction **JANET ROMANOWICZ**   owed local property taxes and penalties in an amount of approximately $1,000.00 (One Thousand Dollars) for the property known as 12423 Ferris Road at the time of the tax auction.

## COUNT I

## TAKING OF  PRIVATE PROPERTY WITHOUT A VALID PUBLIC USE  IN VIOLATION OF THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION

24.     Plaintiffs repeat and reallege each of the allegations contained in this complaint.

25.     Defendants have violated the United States Constitution by taking private property from the plaintiff(s) without a valid public use.

26.     The United States Constitution precludes the government of arbitrarily taking private property and keeping the equity thereof.

27.     The United States Constitution Fifth Amendment dictates that private property may not be taken "for public use" without just compensation.

28.     Valid public use occurs when the property is taken to satisfy the tax burden associated with the property.  Where the excess equity is also seized, there is no longer valid public use within the meaning of  the Fifth Amendment to the US Constitution.

29.     The United States Constitution Fourteenth Amendment prohibits the states from violating the plaintiff(s) Fifth Amendment rights.

30.     42 USC 1983 directs the defendants to comply with the mandates of the Fifth and Fourteenth amendments of the United States Constitution by paying to the plaintiff **CATHERINE ROSETTI** just compensation, or the equity from the tax auctions.

31.     42 USC 1983 directs the defendants to comply with the mandates of the Fifth and Fourteenth amendments of the United States Constitution by paying to the plaintiff

6

**LONNIE PITTSLEY AND SAMANTHA BOYCE** just compensation, or the equity from the tax auctions.

32.    42 USC 1983 directs the defendants to comply with the mandates of the Fifth and Fourteenth amendments of the United States Constitution by paying to the plaintiff **TED HUNT** just compensation, or the equity from the tax auctions.

33.    42 USC 1983 directs the defendants to comply with the mandates of the Fifth and Fourteenth amendments of the United States Constitution by paying to the plaintiff **WILLIAM MOONEY** just compensation, or the equity from the tax auctions.

34.    42 USC 1983 directs the defendants to comply with the mandates of the Fifth and Fourteenth amendments of the United States Constitution by paying to the plaintiff **TUSEF HOLDING LLC** just compensation, or the equity from the tax auctions.

35.    42 USC 1983 directs the defendants to comply with the mandates of the Fifth and Fourteenth amendments of the United States Constitution by paying to the plaintiff **JANET ROMANOWICZ**   just compensation, or the equity from the tax auctions.


## COUNT II

## TAKING OF  PRIVATE PROPERTY WITHOUT JUST COMPENSATION
## IN VIOLATION OF THE UNITED STATES CONSTITUTION

36.    Plaintiffs repeat and reallege each of the allegations contained in this complaint.

37.    Defendants have violated the Fifth Amendment to the United States Constitution by taking private property from the plaintiff(s) without just compensation.

38.    The United States Constitution precludes the government of arbitrarily taking private property and keeping the equity thereof.

39.    The United States Constitution Fifth Amendment dictates that private property may not be taken without 'just compensation.'

40.    Just compensation allows the government to retain the monies from the tax auction to satisfy the plaintiffs property tax debts, but does not allow the government to seize any surplus funds from the tax auction.

41.    The amount of the tax auction for Rosetti properties was greater than the amount **CATHERINE ROSETTI** owed in taxes and associated costs to the local government.

42.    The amount of the tax auction for 1413 Lake Como Road was greater than the amount **LONNIE PITTSLEY AND SAMANTHA BOYCE** owed in taxes and associated costs to the local government.

43.    The amount of the tax auction for 1918 Lake Road was greater than the amount **TED HUNT** owed in taxes and associated costs to the local government.

44.    The amount of the tax auction for 1456 ATWOOD ROAD  was greater than the amount **WILLIAM MOONEY** owed in taxes and associated costs to the local government.

45.    The amount of the tax auction for 2892 State Route 34B was greater than the amount **TUSEF HOLDING LLC** owed in taxes and associated costs to the local government.

46.    The amount of the tax auction for 12423 Ferris Road was greater than the amount **JANET ROMANOWICZ**   owed in taxes and associated costs to the local government.

47.    The United States Constitution Fourteenth Amendment prohibits the states from violating the plaintiff(s) Fifth Amendment rights.

48.     42 USC 1983 prevents any person acting under the color of law from depriving any citizen of the United States  their constitutional rights as guaranteed under the United States Constitution.

49.     42 USC 1983 thence directs the defendants to comply with the mandates of the Fifth and Fourteenth amendments of the United States Constitution by paying to the plaintiff(s) just compensation, or the equity from the tax auction.

50.     Plaintiff(s) **CATHERINE ROSETTI** has been injured and damaged by the defendants violation of his Fifth Amendment rights when it seized his equity in properties known as Rosetti properties and failed to pay just compensation for the same.

51.     Plaintiff(s) **LONNIE PITTSLEY AND SAMANTHA BOYCE** has been injured and damaged by the defendants violation of his Fifth Amendment rights when it seized his equity in properties known as 1413 Lake Como Road and failed to pay just compensation for the same.

52.     Plaintiff(s)  **TED HUNT** has been injured and damaged by the defendants violation of his Fifth Amendment rights when it seized his equity in properties known as 1918 Lake Road and failed to pay just compensation for the same.

53.     Plaintiff(s)  **WILLIAM MOONEY** has been injured and damaged by the defendants violation of his Fifth Amendment rights when it seized his equity in properties known as 1456 ATWOOD ROAD and failed to pay just compensation for the same.

54.     Plaintiff(s)  **TUSEF HOLDING LLC** has been injured and damaged by the defendants violation of his Fifth Amendment rights when it seized his equity in properties known as 2892 State Route 34B and failed to pay just compensation for the same.

55.     Plaintiff(s) **JANET ROMANOWICZ**  has been injured and damaged by the defendants violation of his Fifth Amendment rights when it seized his equity in properties known as 12423 Ferris Road and failed to pay just compensation for the same.


### COUNT III

### TAKING OF  PRIVATE PROPERTY WITHOUT A VALID PUBLIC USE AND IN VIOLATION OF THE FIFTH AMENDMENT TO THE NEW YORK STATE CONSTITUTION

56.     Plaintiffs repeat and reallege each of the allegations contained in this complaint.

57.     New York State Constitution Article 1 section 7 provides that private property shall not be taken for public use without just compensation.

58.     Defendants have violated the New York State Constitution by taking private property from the plaintiff(s) without just compensation.

59.     The New York State Constitution precludes the government of arbitrarily taking private property and keeping the equity thereof.

60.     Valid public use occurs when the property is taken to satisfy the tax burden associated with the property.  Where the excess equity is also seized, there is no longer valid public use within the meaning of  the New York State Constitution.

61.     By reason of the defendants violation of the plaintiff(s) rights under Article 1 Section 7 of the New York State Constitution, the Plaintiff(s), **CATHERINE ROSETTI**, has been damaged  and is entitled to relief as a result.

62.      By reason of the defendants violation of the plaintiff(s) rights under Article 1 Section 7 of the New York State Constitution, the Plaintiff(s), **LONNIE PITTSLEY AND SAMANTHA BOYCE**, has been damaged  and is entitled to relief as a result.

63.      By reason of the defendants violation of the plaintiff(s) rights under Article 1 Section 7 of the New York State Constitution, the Plaintiff(s), **TED HUNT**, has been damaged and is entitled to relief as a result.

64.      By reason of the defendants violation of the plaintiff(s) rights under Article 1 Section 7 of the New York State Constitution, the Plaintiff(s), **WILLIAM MOONEY**, has been damaged  and is entitled to relief as a result.

65.      By reason of the defendants violation of the plaintiff(s) rights under Article 1 Section 7 of the New York State Constitution, the Plaintiff(s), **TUSEF HOLDING LLC**, has been damaged  and is entitled to relief as a result.

66.      By reason of the defendants violation of the plaintiff(s) rights under Article 1 Section 7 of the New York State Constitution, the Plaintiff(s), **JANET ROMANOWICZ**   , has been damaged  and is entitled to relief as a result.

## COUNT IV

## DEFENDANTS ARE IN VIOLATION OF THE PLAINTIFF'S RIGHTS

## UNDER THE EIGHTH AMENDMENT TO THE UNITED STATES

## CONSTITUTION

67.      Plaintiffs repeat and reallege each of the allegations contained in this complaint.

11

68.     United States Constitution Eighth Amendment provides that excessive fines shall not be imposed upon private citizens.

69.     The defendants have confiscated the entire equity within each of the plaintiff(s) real property.

70.     The defendants are entitled to seize plaintiff(s) property and sell the same to satisfy tax debts of the plaintiff(s).

71.     The defendants are not entitled to keep any excess equity after having satisfied the tax debts and associated charges.

72.     By confiscating the entire equity in the Plaintiff(s) real property the defendants Defendants have effectively imposed excessive fines upon the plaintiffs in violation of the the Eighth Amendment to the United States Constitution.

73.     By reason of the defendants violation of the plaintiffs rights under the United States Constitution Eighth Amendment, the plaintiff, **CATHERINE ROSETTI**, has been damaged and is entitled to relief as a result.

74.     By reason of the defendants violation of the plaintiffs rights under the United States Constitution Eighth Amendment, the plaintiff, **LONNIE PITTSLEY AND SAMANTHA BOYCE**, has been damaged and is entitled to relief as a result.

75.     By reason of the defendants violation of the plaintiffs rights under the United States Constitution Eighth Amendment, the plaintiff, **TED HUNT**, has been damaged and is entitled to relief as a result.

76.     By reason of the defendants violation of the plaintiffs rights under the United States Constitution Eighth Amendment, the plaintiff, **WILLIAM MOONEY**, has been damaged and is entitled to relief as a result.

12

77.     By reason of the defendants violation of the plaintiffs rights under the United States Constitution Eighth Amendment, the plaintiff,  **TUSEF HOLDING LLC**, has been damaged and is entitled to relief as a result.

78.     By reason of the defendants violation of the plaintiffs rights under the United States Constitution Eighth Amendment, the plaintiff, **JANET ROMANOWICZ**   , has been damaged and is entitled to relief as a result.

<u>**COUNT V**</u>

<u>**DEFENDANTS ARE IN VIOLATION OF THE EXCESSIVE FINES CLAUSE**</u>

<u>**OF THE NEW YORK  STATE CONSTITUTION**</u>

79.     Plaintiffs repeat and reallege each of the allegations contained in this complaint.

80.     Article 5 Section 1 of the New York State Constitution  provides that excessive fines shall not be imposed.

81.     The defendants have confiscated the entire equity within the plaintiff(s) real property.

82.     The defendants are entitled to seize plaintiff(s) property and sell the same to satisfy tax debts of the plaintiff(s).

83.     The defendants are not entitled to keep any excess equity after having satisfied the plaintiff(s)  tax debts and associated charges.

13

84.     By confiscating the entire equity in the Plaintiff(s) real property the defendants Defendants have effectively imposed excessive fines upon the plaintiffs in violation of the New York State Constitution Article 1 Section 5.

85.     By reason of the defendants violation of the plaintiffs rights under the New York State Constitution Article 1 Section 5, the plaintiffs have been damaged and are entitled to relief as a result.

86.     By reason of the defendants violation of the excessive fines clause of Article 1 Section 5 of the New York State constitution , the plaintiff, **CATHERINE ROSETTI**, has been damaged and is entitled to relief as a result.

87.     By reason of the defendants violation of the excessive fines clause of Article 1 Section 5 of the New York State constitution , the plaintiff, **LONNIE PITTSLEY AND SAMANTHA BOYCE**, has been damaged and is entitled to relief as a result.

88.     By reason of the defendants violation of the excessive fines clause of Article 1 Section 5 of the New York State constitution , the plaintiff, **TED HUNT**, has been damaged and is entitled to relief as a result.

89.     By reason of the defendants violation of the excessive fines clause of Article 1 Section 5 of the New York State constitution , the plaintiff, **WILLIAM MOONEY**, has been damaged and is entitled to relief as a result.

90.     By reason of the defendants violation of the excessive fines clause of Article 1 Section 5 of the New York State constitution , the plaintiff, **TUSEF HOLDING LLC**, has been damaged and is entitled to relief as a result.

14

91.     By reason of the defendants violation of the excessive fines clause of Article 1 Section 5 of the New York State constitution , the plaintiff, **JANET ROMANOWICZ**  , has been damaged and is entitled to relief as a result.


## COUNT VI

## DEFENDANTS HAVE BEEN UNJUSTLY ENRICHED BY THE SEIZURE OF PLAINTIFFS EQUITY IN THEIR REAL PROPERTY

92.     Plaintiffs repeat and reallege each of the allegations contained in this complaint.

93.     The defendants seized plaintiff(s) property in order to satisfy the plaintiff(s) tax debts on said property.

94.     The defendants sold each of the plaintiffs property in an amount above and beyond the amount that the plaintiff owed the defendants for property tax debts and associated costs.

95.     The defendants have known that the auctions amounts from said tax auctions exceeded the plaintiff(s) obligations to the defendants.

96.     In spite of knowledge that there were surplus funds from said tax auctions, the defendants have confiscated the same, to the detriment of the plaintiffs,  and have been unjustly enriched.

97.     It is inequitable for the defendants to retain the equity from each property where the auctions price exceeded the plaintiff(s) tax obligations.

98.     The plaintiffs have no remedy at law except as asserted in this complaint.

99. The plaintiff, **CATHERINE ROSETTI**, has been damaged by unjust enrichment of the defendants actions in the confiscation of the equity in his real property at Rosetti properties and is entitled to relief as a result.

100. The plaintiff, **LONNIE PITTSLEY AND SAMANTHA BOYCE,** has been damaged by unjust enrichment of the defendants actions in the confiscation of the equity in his real property at 1413 Lake Como Road and is entitled to relief as a result.

101. The plaintiff, **TED HUNT**, has been damaged by unjust enrichment of the defendants actions in the confiscation of the equity in his real property at 1918 Lake Road and is entitled to relief as a result.

102. The plaintiff, **WILLIAM MOONEY**, has been damaged by unjust enrichment of the defendants actions in the confiscation of the equity in his real property at 1456 ATWOOD ROAD and is entitled to relief as a result.

103. The plaintiff, **TUSEF HOLDING LLC**, has been damaged by unjust enrichment of the defendants actions in the confiscation of the equity in his real property at 2892 State Route 34B and is entitled to relief as a result.

104. The plaintiff, **JANET ROMANOWICZ** , has been damaged by unjust enrichment of the defendants actions in the confiscation of the equity in his real property at 12423 Ferris Road and is entitled to relief as a result

## COUNT VII

## DEFENDANTS ARE IN VIOLATION OF SUBSTANTIVE DUE PROCESS

## UNDER THE UNITED STATES CONSTITUTION

105.    Plaintiffs repeat and reallege each of the allegations contained in this complaint.

106.    The United States Constitution Fifth Amendment provides that property shall not be taken without due process of law.

107.    The defendants have retained the equity, or surplus proceeds, from tax auctions regarding each of the plaintiffs property.

108.    The defendants have failed to provide a statutory or an administrative process for the plaintiffs to reclaim their equity in their respective properties.

109.    The defendants have not offered to return the equity to the plaintiffs after seizing their properties  to satisfy plaintiffs tax obligations.

110.    In fact, the defendants are refusing to return the surplus proceeds to the plaintiffs in spite of plaintiffs demands for the return of the same.

111.    The excess seizure is not rationally related to objective sought to be achieved, namely, the collection of delinquent taxes.

112.    The cause of action is for violation of the United States Constitution is brought under the United States Constitution Fifth and Fourteenth Amendments.

113.    By defendants actions in confiscating the entire equity in the Plaintiff, **CATHERINE ROSETTI** real property at Rosetti properties,   and not returning the equity to the plaintiff; in not providing the plaintiff with a statutory or administrative procedure in which to recover the equity;   and in refusing in all respects to return to the plaintiff his equity in his

real property, the plaintiff, **CATHERINE ROSETTI**, has suffered damages and is entitled to relief.

114.   By defendants actions in confiscating the entire equity in the Plaintiff, **LONNIE PITTSLEY AND SAMANTHA BOYCE** real property at 1413 Lake Como Road,  and not returning the equity to the plaintiff;  in not providing the plaintiff with a statutory or administrative procedure in which to recover the equity;  and in refusing in all respects to return to the plaintiff his equity in his real property, the plaintiff, **LONNIE PITTSLEY AND SAMANTHA BOYCE**, has suffered damages and is entitled to relief.

115.   By defendants actions in confiscating the entire equity in the Plaintiff, **TED HUNT** real property at 1918 Lake Road,  and not returning the equity to the plaintiff;  in not providing the plaintiff with a statutory or administrative procedure in which to recover the equity;  and in refusing in all respects to return to the plaintiff his equity in his real property, the plaintiff, **TED HUNT**, has suffered damages and is entitled to relief.

116.   By defendants actions in confiscating the entire equity in the Plaintiff, **WILLIAM MOONEY** real property at 1456 Atwood Road  and not returning the equity to the plaintiff;  in not providing the plaintiff with a statutory or administrative procedure in which to recover the equity;  and in refusing in all respects to return to the plaintiff his equity in his real property, the plaintiff, **WILLIAM MOONEY**, has suffered damages and is entitled to relief.

117.   By defendants actions in confiscating the entire equity in the Plaintiff, **TUSEF HOLDING LLC** real property at 2892 State Route 34B,  and not returning the equity to the plaintiff;  in not providing the plaintiff with a statutory or administrative procedure in which to recover the equity;  and in refusing in all respects to return to the plaintiff his equity in his real property, the plaintiff, **TUSEF HOLDING LLC**, has suffered damages and is entitled to relief.

18

118.   By defendants actions in confiscating the entire equity in the Plaintiff, **JANET ROMANOWICZ**   real property at 12423 Ferris Road,   and not returning the equity to the plaintiff;  in not providing the plaintiff with a statutory or administrative procedure in which to recover the equity;   and in refusing in all respects to return to the plaintiff his equity in his real property, the plaintiff, **JANET ROMANOWICZ**   , has suffered damages and is entitled to relief.

## COUNT VIII

## DEFENDANTS ARE IN VIOLATION OF SUBSTANTIVE DUE PROCESS
## UNDER THE NEW YORK STATE CONSTITUTION

119.   Plaintiffs repeat and reallege each of the allegations contained in this complaint.

120.   The United States Constitution Fifth Amendment provides that property shall not be taken without due process of law.

121.   The defendants have retained the equity, or surplus proceeds, from tax auctions regarding plaintiffs property.

122.   The defendants have failed to provide a statutory or an administrative process for the plaintiffs to reclaim their equity in their respective properties.

123.   The defendants have not offered to return the equity to the plaintiffs after seizing their properties  to satisfy plaintiffs tax obligations.

124.   In fact, the defendants are refusing to return the surplus proceeds to the plaintiffs in spite of plaintiffs demands for the return of the same.

125.    The excess seizure is not rationally related to objective sought to be achieved, namely, the collection of delinquent taxes.

126.    By defendants actions in confiscating the entire equity in the Plaintiff(s) real property and not returning the equity to the plaintiffs; in not providing the plaintiffs with a statutory or an administrative procedure in which to recover the equity; and in refusing in all respects to return to the plaintiffs their equity in their real property, the plaintiff, **CATHERINE ROSETTI** has suffered damages and is entitled to relief.

127.    By defendants actions in confiscating the entire equity in the Plaintiff(s) real property and not returning the equity to the plaintiffs; in not providing the plaintiffs with a statutory or an administrative procedure in which to recover the equity; and in refusing in all respects to return to the plaintiffs their equity in their real property, the plaintiff, **LONNIE PITTSLEY AND SAMANTHA BOYCE** has suffered damages and is entitled to relief.

128.    By defendants actions in confiscating the entire equity in the Plaintiff(s) real property and not returning the equity to the plaintiffs; in not providing the plaintiffs with a statutory or an administrative procedure in which to recover the equity; and in refusing in all respects to return to the plaintiffs their equity in their real property, the plaintiff, **TED HUNT** has suffered damages and is entitled to relief.

129.    By defendants actions in confiscating the entire equity in the Plaintiff(s) real property and not returning the equity to the plaintiffs; in not providing the plaintiffs with a statutory or an administrative procedure in which to recover the equity; and in refusing in all respects to return to the plaintiffs their equity in their real property, the plaintiff, **WILLIAM MOONEY** has suffered damages and is entitled to relief.

130.   By defendants actions in confiscating the entire equity in the Plaintiff(s) real property  and not returning the equity to the plaintiffs;  in not providing the plaintiffs with  a statutory or an administrative procedure in which to recover the equity;   and in refusing in all respects to return to the plaintiffs their equity in their real property, the plaintiff,  **TUSEF HOLDING LLC** has suffered damages and is entitled to relief.

131.   By defendants actions in confiscating the entire equity in the Plaintiff(s) real property  and not returning the equity to the plaintiffs;  in not providing the plaintiffs with  a statutory or an administrative procedure in which to recover the equity;   and in refusing in all respects to return to the plaintiffs their equity in their real property, the plaintiff,  **JANET ROMANOWICZ**  has suffered damages and is entitled to relief.

**WHEREFORE,** plaintiff,  **CATHERINE ROSETTI**, demands judgment against the defendant(s) in an amount to be determined upon the trial of this action together with interest and the costs and disbursements of this action and such other and further relief as to the Court seems just and proper.

**WHEREFORE,** plaintiff,  **LONNIE PITTSLEY AND SAMANTHA BOYCE**, demands judgment against the defendant(s) in an amount to be determined upon the trial of this action together with interest and the costs and disbursements of this action and such other and further relief as to the Court seems just and proper.

**WHEREFORE,** plaintiff,  **TED HUNT**, demands judgment against the defendant(s) in an amount to be determined upon the trial of this action together with interest and the costs and disbursements of this action and such other and further relief as to the Court seems just and proper.

**WHEREFORE,** plaintiff,  **WILLIAM MOONEY**, demands judgment against the defendant(s) in an amount to be determined upon the trial of this action together with interest

and the costs and disbursements of this action and such other and further relief as to the Court seems just and proper.

WHEREFORE, plaintiff, **TUSEF HOLDING LLC**, demands judgment against the defendant(s) in an amount to be determined upon the trial of this action together with interest and the costs and disbursements of this action and such other and further relief as to the Court seems just and proper.

WHEREFORE, plaintiff, **JANET ROMANOWICZ** , demands judgment against the defendant(s) in an amount to be determined upon the trial of this action together with interest and the costs and disbursements of this action and such other and further relief as to the Court seems just and proper.

DATED January 3 2024     DAVID M. GIGLIO & ASSOCIATES, LLC

By: _____
David M. Giglio & Associates, LLC
David M. Giglio
Attorneys for plaintiff(s)
13 Hopper Street
Utica, NY 13501
Tel. (315) 797-2854